**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DANIEL OMOLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:21-cv-133 |
| | § | |
| EQUIFAX INFORMATION | § | With Jury Demand Endorsed |
| SERVICES LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, Inc., | § | |
| TRANS UNION LLC, and | § | |
| NATIONSTAR MORTGAGE LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**<u>COMPLAINT</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Daniel Omole ("Plaintiff"), by and through counsel, for his Complaint against Defendants, Equifax Information Services LLC**,** Experian Information Solutions, Inc., Trans Union LLC, and Nationstar Mortgage LLC, jointly, severally, and in solido, states as follows:

**I.   INTRODUCTION**

1.      Three of the Defendants are, consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Nationstar Mortgage LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Nationstar Mortgage LLC is also liable for violating the Real Estate

Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e).  Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2.      Plaintiff, Daniel Omole, is natural person, residing in Dallas County, Texas, and is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c)**,** and is a victim of repeated false credit reporting.

**Made Defendants herein are**:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian

regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5.     Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.     Upon information and belief, Defendant Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

7.     Nationstar Mortgage, LLC is a servicer as defined by RESPA, 12 U.S.C. v

2605(i)(2).

8.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

### III.  JURISDICTION AND VENUE

9.      Plaintiff respectfully assert that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also assert actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully request that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

10. Venue is proper in  this district, because Defendants transact business in this district, Nationstar's headquarters is located in this district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiff's claims against Defendants occurred in the Northern District of Texas. 28 U.S.C. § 1391.

11. Venue is further proper in this District because Plaintiff resides in this district.

12. Venue is further proper in this District because CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiff's mortgage(s) from this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

## IV.  FACTUAL ALLEGATIONS

13.   On or around December 2007, Plaintiff secured a mortgage for his property at 4303 Elgin Court, Grand Prairie TX 75052, which was later transferred to Nationstar Mortgage LLC, and was assigned a loan number ****6571 hereinafter ("Nationstar Mortgage").

14.   Plaintiff has made timely payments to the Nationstar Mortgage.

15.   Sometime in September of 2020, Plaintiff pulled his credit reports for Equifax, Experian, and Trans Union and noticed they were not accurately reporting his Nationstar Mortgage.

16.   A redacted copy of Plaintiff 's Tri-merge credit report is attached hereto as Exhibit "A."

17.   Within the Equifax credit report, Plaintiff noticed that the tradeline for the Nationstar Mortgage was reporting inaccurately with late payments in July 2016 and August 2016.

18.   Within the Experian credit report, Plaintiff noticed that the tradeline for the Nationstar Mortgage was reporting inaccurately with late payments in July 2016 and August 2016.

19.   Within the Trans Union credit report, Plaintiff noticed that the tradeline for the

Nationstar Mortgage was reporting inaccurately with late payments in July 2016 and August 2016.

20.     All three CRA Defendants were reporting inaccurately because Plaintiff's July 2016 and August 2016 payments were submitted timely. *See* Plaintiff's Payment History attached hereto as Exhibit "B."

21.     As can be seen in Plaintiff's payment history, the issue arose in March 2016 when Plaintiff's March 16, 2016 mortgage payment was not credited towards his March 2016 monthly mortgage payment to the Nationstar Mortgage. (*See id.* at 9.)

22.     In November 2020, Plaintiff disputed the reporting of his Nationstar mortgage accounts with Equifax, Experian, and Trans Union ("CRA Defendants") directly. Plaintiff requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar Mortgage.

23.     Redacted copies of the Plaintiff's disputes letters to Equifax, Experian, and Trans Union are attached hereto as Exhibits "C," "D," and "E" respectively.

24.     On December 1, 2020, Equifax responded to Plaintiff. In its response letter, Equifax informed Plaintiff that his credit report had been updated but continued to report the July 2016 and August 2016 payments as late, and even added an additional late payment for June 2016 to the Nationstar Mortgage tradeline.

25.     A redacted copy of Equifax's response to Plaintiff is attached hereto as Exhibit "F" and incorporated herein by reference.

26.     Equifax's response was inappropriate and inaccurate because Plaintiff made timely payments on the Nationstar mortgage for the dates in question and provided proof of the same to Equifax.

27.     Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute and Equifax failed to remedy the inaccuracies within the Nationstar tradeline.

28.     Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

29.     Upon Plaintiff's request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

30.     In the alternative, Equifax failed to contact Nationstar, therefore, failed to perform any investigation at all.

31.     In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

32.     On December 2, 2020, Experian responded to Plaintiff. In its response letter, Experian informed Plaintiff that his credit report had been updated but continued to report the July 2016 and August 2016 payments as late, and even added an additional late payment for June 2016 to the Nationstar Mortgage tradeline.

33.     A redacted copy of Experian's response to Plaintiff is attached hereto as Exhibit "G" and incorporated herein by reference.

34.     Experian's response was inappropriate and inaccurate because Plaintiff made timely payment on the Nationstar mortgage for the months in question and provided proof of the same to

Experian.

35.     Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

36.     Upon the Plaintiff's request to Experian for verification and addition regarding the Nationstar mortgage account, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

37.     In the alternative, Experian failed to contact Nationstar, therefore, failed to perform any investigation at all.

38.     In the alternative to the allegation that Experian failed to contact Nationstar, it is alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

39.     On December 2, 2020, Trans Union responded to Plaintiff. In its response letter, Trans Union informed Plaintiff that his credit report had been updated but continued to report the July 2016 and August 2016 payments as late, and even added an additional late payment for June 2016 to the Nationstar Mortgage tradeline.

40.     A redacted copy of Trans Union's response to Plaintiff is attached hereto as Exhibit "H" and incorporated herein by reference.

41.     TransUnion's response was inappropriate and inaccurate because Plaintiff made timely payments on the Nationstar mortgage for the months in question and provided proof of the same to TransUnion.

42.     TransUnion failed to correct the inaccurate information, and inappropriately deleted rather than modify Plaintiff's Nationstar mortgage accounts.

43.     TransUnion's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Nationstar tradeline.

44.     TransUnion chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar account.

45.     Upon the Plaintiff's request to TransUnion for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, TransUnion did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

46.     In the alternative, TransUnion failed to contact Nationstar, therefore, failed to perform any investigation at all.

47.     In the alternative to the allegation that TransUnion failed to contact Nationstar, it is alleged that TransUnion did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

48.     In November 2020, Plaintiff sent a qualified written request ("QWR") and notice of error under Section 6 of the Real Estate Settlement Procedures Act ("RESPA") directly to Nationstar.

49.     Plaintiff sufficiently identified himself as a borrower and asked Nationstar to investigate its servicing of the account, how he was late two times in 2016, and accuracy of information being furnished to the CRAs regarding the Nationstar mortgage. Plaintiff also asked

Nationstar to provide specific information and fix any servicing errors.

50.     A redacted copy of Plaintiff's unsigned RESPA QWR to Nationstar is attached hereto as Exhibit "I" and is incorporated by reference herein.

51.     On or about November 19, 2020, Nationstar responded to Plaintiff's QWR, but failed to provide any explanation of payment calculation or amortization; and failed to specifically answer Plaintiff's questions. Nationstar also failed to provide the specifically requested information. Instead, Nationstar provided boilerplate statements and objections, which do not apply to Plaintiff's letter, provided information and documents not requested and without explanation, stated the general conclusion that it did nothing wrong in servicing the Nationstar mortgage.

52.     A redacted copy of Nationstar's response to Plaintiff's RESPA QWR is attached hereto as Exhibit "J" and is incorporated by reference herein.

53.     Nationstar's response failed to provide the information requested as well as any explanation of payment calculation or amortization servicing errors and as a result has failed to conduct any reasonable investigation of the errors described in Plaintiff's QWR in violation of RESPA.

## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

54.     The Plaintiff realleges and incorporate all paragraphs above as if fully set out herein.

55.     Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

56.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

57.    Equifax knew or should have known of Plaintiff's loan payoff history and accurate payment history and, yet Equifax continued to prepare a patently false consumer report concerning Plaintiff.

58.    Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

59.    As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

60.    Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

61.    The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

62.     The Plaintiff realleges and incorporate all paragraphs above as if fully set out herein.

63.     Equifax violated 15 U.S.C. § 168Ii on multiple occasions by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

64.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

65.     Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

66.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

67.     The Plaintiff realleges and incorporate all paragraphs above as if fully set out herein.

68.     Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

69.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

70.     Experian knew or should have known of Plaintiff' loan payoff history and accurate payment history and, yet Experian continued to prepare a patently false consumer report concerning Plaintiff.

71.     Despite actual and implied knowledge that Plaintiff's credit reports were and are not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

72.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

73.     Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In

the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

74.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.


## COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
## (15 U.S.C. §1681i)

75.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

76.     Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

77.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

78.     Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

79.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

80.     The Plaintiff realleges and incorporate all paragraphs above as if fully set out herein.

81.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

82.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

83.     Trans Union knew or should have known of Plaintiff's loan payoff history and accurate payment history and, yet Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

84.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

85.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish,

humiliation, and embarrassment of credit denials.

86.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

87.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

88.     The Plaintiff realleges and incorporate all paragraphs above as if fully set out herein.

89.     Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

90.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

91.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for

actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

92.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT VII – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

93.     Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff 's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

94.     Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

95.     As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish,

humiliation, and embarrassment of credit denials.

96.    Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## COUNT VIII – NATIONSTAR'S VIOLATION OF RESPA

97.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

98.    Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

99.    Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

100.    Nationstar further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

101.    Nationstar's failure to respond, conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

102.    Defendant Nationstar is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

103.    Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in

this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

## VI. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

104.    Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

105.    Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

106.    Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

107.    The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

108.    Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reporting about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

109.   Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

110.   Defendants have negligently and/or willfully violated various provisions of the FCRA and Nationstar negligently and/or willfully violated RESPA are thereby liable unto Plaintiff.

111.   Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial and loss in his attempt to finance goods, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Daniel Omole, pray that this Honorable Court:

A.   Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Nationstar Mortgage LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, Nationstar's

violations of RESPA, applicable state law, and common law;

B.     Find that the appropriate circumstances exist for an award of punitive damages to

Plaintiff;

C.     Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D.     Order that the CRA Defendants, Equifax Information Services LLC, Experian

Information Solutions, Inc., and Trans Union LLC, and Furnisher Defendant, Nationstar Mortgage

LLC work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer

report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning

Plaintiff and/or any of Plaintiff's personal identifiers.

E.     Grant such other and further relief, in law or equity, to which Plaintiff might show they

are justly entitled.


Date Filed: <u>January 20, 2021</u>

Respectfully submitted,

<u>*/s/ Matthew P. Forsberg*</u>
Matthew P. Forsberg
TX State Bar Number 24082581
Matt@FieldsLaw.com
FIELDS LAW FIRM
9999 Wayzata Blvd.
Minnetonka, Minnesota 55305
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

By: <u>*/s/ Jonathan A. Heeps*</u>
Jonathan A. Heeps
State Bar No. 24074387
LAW OFFICE OF JONATHAN A. HEEPS
Post Office Box 174372
Arlington, Texas 76003

Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com

COUNSEL FOR PLAINTIFF

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

January 20, 2021                    */s/ Matthew P. Forsberg*
                                    **Matthew P. Forsberg**